# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMARCO KING, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:18-CV-663 NCC |
| DOUG PRUDDEN, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

## Background

On January 7, 2016, petitioner pled guilty to felony stealing in the Circuit Court of St. Louis County, Missouri. *See State v. King*, No. 14SL-CR04770-01 (21st Judicial Circuit, St. Louis County Court). On that same date petitioner was sentenced to a seven year term of imprisonment in the Missouri Department of Corrections. The court suspended the execution of the sentence ("SES"), and retained jurisdiction over petitioner for two years, pursuant to Mo.Rev.Stat. § 559.115 under the Missouri Shock Incarceration Program in order to effectuate petitioner's entry into a Long Term Treatment Program.

On February 22, 2017, on the Court's own motion, the remainder of the sentence imposed upon petitioner was suspended and he was placed on probation for five years under the supervision of the Missouri Department of Probation and Parole.

1

Petitioner did not appeal his sentence or file a timely motion for post-conviction relief. However, on May 22, 2017, petitioner filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Circuit Court for Moniteau County. *See King v. Prudden,* No. 17MT-CC00022 (26th Judicial Circuit, Moniteau County Court).

In his application for writ of habeas corpus, petitioner asserted that his conviction for stealing in *State v. King*, No. 14SL-CR04770-01 (21st Judicial Circuit, St. Louis County Court), was unconstitutional because "value is not an element of felony stealing" pursuant to Mo.Rev.Stat. § 570.030. Petitioner based his argument on the reasoning espoused in *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). Nonetheless, his state habeas corpus action was denied on November 1, 2017.

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system on April 24, 2018.

## Discussion

In the present action, petitioner once again asserts that his prior state convictions for felony stealing were unlawful and constituted a manifest injustice pursuant to *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc), which was decided by the Missouri Supreme Court on September 20, 2016.

In *Bazell*, the appellant was convicted of various stealing offenses under Mo.Rev.Stat. § 570.030, including two convictions for stealing firearms. *Id.* at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri Supreme Court reversed the appellant's convictions for stealing firearms because the Court concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses. *Id.* at 267. The court avoided deciding any constitutional issues.

2

There can be no doubt that petitioner is over a year and a half late in filing his § 2254 in this Court. A Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a).[1] Petitioner's judgment was entered on January 7, 2016, thus it was final on January 17, 2016, and the statute of limitations lapsed a year later on January 17, 2017.

To the extent that petitioner believes that *Bazell* should apply to somehow restart the statute of limitations, petitioner is incorrect in his analysis. As set forth in the recent Missouri Supreme Court case of *Fite v. Johnson*, ---S.W.3rd ---, 2017 WL 4930368, *1-2 (Mo. banc),

> Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell*, 497 S.W.3d at 266. Although *State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell*, 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht v. Mesmer*, SC96159, ⸺ S.W.3d ⸺, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* **applies prospectively only, except in those cases pending on direct appeal. (emphasis added)**

In light of the aforementioned, the Court declines to apply a retroactivity analysis to § 2244(d).

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

---

[1]Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999).

3

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this  17th  day of October, 2018.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE