# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMARCO KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-663 NCC |
| | ) | |
| DOUG PRUDDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

## Background

On January 7, 2016, petitioner pled guilty to felony stealing in the Circuit Court of St. Louis County, Missouri. *See State v. King*, No. 14SL-CR04770-01 (21st Judicial Circuit, St. Louis County Court). On that same date petitioner was sentenced to a seven year term of imprisonment in the Missouri Department of Corrections. The court suspended the execution of the sentence ("SES"), and retained jurisdiction over petitioner for two years, pursuant to Mo.Rev.Stat. § 559.115 under the Missouri Shock Incarceration Program in order to effectuate petitioner's entry into a Long Term Treatment Program.

---

[1] On October 17, 2018, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

On February 22, 2017, on the Court's own motion, the remainder of the sentence imposed upon petitioner was suspended and he was placed on probation for five years under the supervision of the Missouri Department of Probation and Parole.

Petitioner did not appeal his sentence or file a timely motion for post-conviction relief. However, on May 22, 2017, petitioner filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Circuit Court for Moniteau County. *See King v. Prudden,* No. 17MT-CC00022 (26th Judicial Circuit, Moniteau County Court).

In his application for writ of habeas corpus, petitioner asserted that his conviction for stealing in *State v. King*, No. 14SL-CR04770-01 (21st Judicial Circuit, St. Louis County Court), was unconstitutional because "value is not an element of felony stealing" pursuant to Mo.Rev.Stat. § 570.030. Petitioner based his argument on the reasoning espoused in *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). Nonetheless, his state habeas corpus action was denied on November 1, 2017.

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system on April 24, 2018.

**Discussion**

In the present action, petitioner once again asserts that his prior state convictions for felony stealing were unlawful and constituted a manifest injustice pursuant to *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc), which was decided by the Missouri Supreme Court on September 20, 2016.

In *Bazell*, the appellant was convicted of various stealing offenses under Mo.Rev.Stat. § 570.030, including two convictions for stealing firearms. *Id.* at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri

Supreme Court reversed the appellant's convictions for stealing firearms because the Court concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses. *Id.* at 267. The court avoided deciding any constitutional issues.

There can be no doubt that petitioner is over a year and a half late in filing his § 2254 in this Court. A Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a).[2] Petitioner's judgment was entered on January 7, 2016, thus it was final on January 17, 2016, and the statute of limitations lapsed a year later on January 17, 2017.

To the extent that petitioner believes that *Bazell* should apply to somehow restart the statute of limitations, petitioner is incorrect in his analysis. As set forth in the recent Missouri Supreme Court case of *Fite v. Johnson*, ---S.W.3rd---, 2017 WL 4930368, *1-2 (Mo. banc),

> Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell*, 497 S.W.3d at 266. Although *State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell*, 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht v. Mesmer*, SC96159, ⸺ S.W.3d ⸺, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* **applies prospectively only, except in those cases pending on direct appeal. (emphasis added)**

In light of the aforementioned, the Court declines to apply a retroactivity analysis to § 2244(d).

In his response to the Order to Show Cause, petitioner asserts that his statute of limitations should not have started until May 22, 2017, the date he first contested his conviction in Missouri

---

[2]Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999).

State Court by filing his Rule 91 in Montineau County Court. This is simply not the law in the State of Missouri, as recounted above, and petitioner has not shown otherwise in his response to show cause.

Petitioner also argues that at the time he accepted his plea on his original state sentence, he lacked the knowledge and foresight to understand the legal ramifications of the plea. Petitioner also asserts that he had ineffective assistance of counsel, his imprisonment has far exceeded just punishment under the law, and he believes his Constitutional rights were violated in the course of his criminal proceedings. Petitioner appears to be seeking equitable tolling as an excuse for violating the statute of limitations.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.@ *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is Aan exceedingly narrow window of relief.@ *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.@ *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that Aeven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted@).

Petitioner's vague assertions about ineffective assistance of counsel are clearly insufficient to allow equitable tolling. The Eighth Circuit Court of Appeals has repeatedly held that faulty legal

4

assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Moreover, this Court cannot begin to examine petitioner's assertions regarding his belief that his Constitutional rights were violated during this trial court process when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Similarly, petitioner's assertions that his sentence violates the Eighth Amendment's cruel and unusual punishment clause cannot serve as an equitable tolling argument in this instance.

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Dated this 26th day of November, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE